Good morning, Your Honors, and may it please the Court. My name is Wendy Gerbeth, and I represent the Defendant Appellant Sergio Sanchez-Sanchez. I'll turn first to the issue of duplicity in the indictment. I was advised by government counsel this morning that the government is prepared to concede that in this case the indictment was duplicitous by alleging both methamphetamine and marijuana in the same counts. With that agreement that the indictment is duplicitous, the issue then becomes whether or not the duplicity was cured, and also whether or not there was harmless error in this case. Well, why isn't it cured by the instructions in the verdict form? The instructions in the verdict form still combined in each element that's set forth in the jury instructions at the excerpts of Record No. 85 to 88. In each count, each of the elements set forth combines the marijuana and the methamphetamine in both of the elements. But the second question says if you find them guilty, then did you find there was more than 50 grams or whatever it is of methamphetamine? That's correct. And why doesn't that cure it? Well, that goes, I think, particularly to the weight, and it stipulates a weight without specifically providing. But there's enough methamphetamine to warrant, to justify a conviction, whatever you think about the marijuana. That's true with respect to the weight. But I believe that the way the jury instructions are worded, that it's still confusing, because the marijuana and the methamphetamine, there is no explicit instruction stating that you have to find, as a matter of fact, that these are the particular substances. I also think that with respect to the weight. I don't understand. I mean, they did find that he imported methamphetamine, and they found he imported more than 50 grams. What else do you need? They also found that he imported some marijuana, but so what? Well, I think that from the instructions, the instructions lead to a confusion that they may not have, in fact, reached that verdict. And the reason is specifically because, as the jury question that came out specified, there was confusion as to the conjunctive and the disjunctive, or conjunctive and disjunctive use of the marijuana and methamphetamine in the separate counts. And I think that when the jury was instructed, not only that they had to make a finding of marijuana and methamphetamine, but also in the elements that talk about the intent, that they were advised that it was sufficient that one or the other substance had to have been known by the defendant, that I think that in and of itself could create an error or create confusion with the jury as to whether if in one instance a finding of intent to bring methamphetamine or marijuana would spill over so that the, they could find one or the other substance only without finding both of them. The, for the same reason, then, with respect to why it's not cured by the instructions, obviously there was also no election by the government here to proceed on either one charge or the other. And that also led to there not being a curative instruction. In addition, there was not harmless error here in this case, because as the evidence was presented with respect to each element, there was evidence that it was marijuana and there was evidence that there was methamphetamine. However, even as Ramirez-Martinez instructs, even if there's overwhelming evidence that doesn't cure... I might be missing something. What is it, once the jury comes back with a verdict that says, yes, he imported methamphetamine, and yes, he imported more than 50 grams, what is the problem with that verdict? Well, I believe that the problem is, is that we don't know whether or not the way the jury instructions were worded, if they could have thought that they could convict just on a finding of marijuana and then found that the additional weight of the substance. So I don't think... No, wait. They didn't say the additional weight of some unknown substance. The verdict says the weight of the methamphetamine. Yes. I mean, I know that there is a verdict as to weight, but I... Of methamphetamine, not of some unknown substance or some combination of substances. All right. I'll move then to the second argument, which is whether or not the mens rea as to each substance has to attach for each of the individual substances. In this case, we requested jury instructions that would have required a finding of a specific mens rea with respect to each of the substances. And while the Court has addressed the issue of mens rea with respect to individual substances in the context of a case where only one substance is involved, the Court has not ever addressed it in the context of a case where there are two different controlled substances. And in this case, I think it's significant that not only are there two controlled substances, but there are two controlled substances with drastically different penalties imposed, and specifically not just penalties, but statutory maximums imposed. For the drugs at issue here, the marijuana had a statutory maximum of five years, while the methamphetamine had a statutory maximum of life. And the cases that talk about mens rea needing to attach to each material element of the offense, like the excitement video case, would seem to suggest, particularly in light of Apprendi, which talks about the concept of mens rea as to each substance being attached to each element of the offense, that there are concerns of substances where there are different statutory maximums. I think if you look at those two lines of cases together under Apprendi and under excitement video, that there should be a requirement here that a mens rea would have to attach to each of the elements in a case such as this where a defendant has admitted positive knowledge of one substance, but has not addressed or has denied knowledge of the other substance, which imposes a significant penalty. And the unfairness of describing the mens rea of one offense to the other offense is, I think, indicative. You can look in another context. For instance, a hypothetical. If you had a person who was convicted or charged with importing a controlled substance such as methamphetamine and lizard skin boots, for instance. Now, in each of those cases, if the defendant had said, I only knew that I was importing lizard skin boots, but not methamphetamine, he would not be, the mens rea ascribed to importing those boots would not be turned over and applied to the mens rea that's required with respect to, with the methamphetamine, and he would not be found liable on those grounds. And I think in this case, we're dealing with a similar situation. Admittedly, it's the same statute, but I don't think that the issue is whether or not it's the same statute, but whether or not each of the elements is required to have a mens rea attached to it. And I'd like to reserve the remaining time for rebuttal. Thank you, counsel. May it please the Court. Roger Haynes representing the United States in this case. As counsel has stated, the government agrees that under the authority of the new case of Vargas Castillo, the indictment in this case was duplicitous. However, we believe the error was cured by the instructions because the jury was instructed and unanimously found that the defendant possessed 50 grams and more of methamphetamine. As for the third issue as to mens rea, we, the arguments made by counsel have been very clear. We believe that the defendant possessed 50 grams and more of methamphetamine. The evidence, however, is that the defendant possessed 50 grams of methamphetamine. The evidence has been repeatedly rejected by this Court, and we think that Hernandez's case most recently establishes that the element is basically possession of a controlled substance, not a possession of a particular drug. Thank you, Mr. Haynes. Thank you.
judges: Reinhardt, O' Scannlain, Fisher